WHEREFORE, Erie Insurance Company respectfully requests that this action be removed from the Belmont County Court of Common Pleas to this Court.

Respectfully submitted,

*/S/ Kenneth A. Calderone*
Kenneth A. Calderone (0046860)
John R. Chlysta (0059313)
Hanna, Campbell & Powell, LLP
3737 Embassy Parkway, Suite 100
Akron, OH 44333
Telephone: (330) 670-7324 / (330) 670-7305
Facsimile: (330) 670-7440 / (330) 670-7442
Email: kcalderone@hcplaw.net
jchlysta@hcplaw.net
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

A copy of the foregoing *Notice of Removal* has been sent this 30th day of March, 2018, by regular U.S. Mail and email, to the following:

Scott S. Blass, Esq.
Bordas & Bordas, PLLC
1358 National Road
Wheeling, WV 26003
Email: sblass@bordaslaw.com
*Attorney for Plaintiffs*

*/s/ Kenneth A. Calderone*
Kenneth A. Calderone (0046860)
John R. Chlysta (0059313)
*Attorneys for Defendant*

<<HCP #980472-v1>>

Court of Common Pleas, Belmont County, St. Clairsville, OH

## SUMMONS ON COMPLAINT

Linda Cook 62434 Hillcrest Road, Barnesville, OH, 43713
Hubert Cook 62438 Hillcrest Road Barnesville OH 43713
Adam Cook 224 South Lincoln Ave Apt B, Barnesville, OH, 43713
Brianna Willis 543 West Main Street, Barnesville, OH, 43713

LAW DIVISION

MAR - 5 2018

**Plaintiff**

John A Vavra
Case No.: 18 CV 0092

Vs.

Erie Insurance Company 100 Erie Insurance Place Erie PA 16530

**Defendant**

**TO THE ABOVE NAMED DEFENDANT:**
You are hereby summoned that a Complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this Court by the Plaintiff named herein.
You are required to serve upon the Plaintiff's attorney or upon the Plaintiff if they have no attorney of record, a copy of your Answer to the Complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said Answer must be filed with this Court within 3 days after served on Plaintiff's attorney.
The name and address of the Plaintiff's Attorney is as follows:

Scott S Blass
1358 National Road
Wheeling, WV 26003

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the Complaint.

DAVID S TROUTEN JR, CLERK

Dated: February 28, 2018

By: _____
Glena D Wagner Deputy Clerk


EXHIBIT A

IN THE COURT OF COMMON PLEAS OF BELMONT COUNTY, OHIO

COMMON PLEAS COURT

2018 FEB 28 PM 1 29

DAVID S. TROUTEN JR.
CLERK OF COURT

| | |
|---|---|
| LINDA COOK,<br>62434 Hillcrest Road<br>Barnesville, OH 43713<br><br>and<br><br>HUBERT COOK,<br>62438 Hillcrest Road<br>Barnesville, OH 43713<br><br>and<br><br>ADAM COOK,<br>224 South Lincoln Ave., Apt. B<br>Barnesville, OH 43713<br><br>and<br><br>BRIANNA WILLIS,<br>543 W. Main Street<br>Barnesville, OH 43713<br><br>Plaintiffs,<br><br>vs.<br><br>ERIE INSURANCE COMPANY,<br>100 Erie Insurance Place<br>Erie, PA 16530<br><br>Defendant. | Case No. 18CV92<br><br>Judge John A. Vavra<br><br>**COMPLAINT WITH JURY DEMAND ATTACHED** |

COME NOW the plaintiffs, Linda Cook, Hubert Cook, Adam Cook and Brianna Willis, who for their complaint against the defendant, Erie Insurance Company, allege as follows:

1. The plaintiff, Linda Cook, was and is a resident of Barnesville, Belmont County, Ohio. At all times material and relevant herein, she was the wife of Steven Lowell Cook.



BORDAS AND BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

246 West Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

bordaslaw.com

2. The plaintiff, Hubert Cook, was and is a resident of Barnesville, Belmont County, Ohio. Hubert Cook is the father of Steven Lowell Cook.

3. The plaintiff, Adam Cook, was and is a resident of Barnesville, Belmont County, Ohio. Adam Cook is the son of Steven Lowell Cook.

4. The plaintiff, Brianna Willis, was and is a resident of Barnesville, Belmont County, Ohio. Brianna Willis is the daughter of Steven Lowell Cook.

5. The defendant, Erie Insurance Company ("Erie") is a corporation organized and existing under the laws of Pennsylvania, with its principal office located in Erie, Pennsylvania. Erie is licensed to issue and does, in fact, issue policies of insurance in the State of Ohio.

6. On or about the 30th day of September, 2017, Steven Lowell Cook was working in an active construction zone in the eastbound lanes of Interstate 70 in Franklin County, Ohio, when he was negligently struck by a vehicle operated by Edward A. Torres.

7. The actions of Edward A. Torres, toward Mr. Cook were negligent in one or more of the following particulars:

    a. Operating a vehicle while intoxicated and/or impaired;

    b. Failure to maintain a proper lookout;

    c. Failing to maintain control of his vehicle;

    d. Failing to drive at a reasonable rate of speed in view of the active construction;

    e. Failing to use due care generally; and

    f. Other acts and omissions known and unknown to the plaintiff.

8. As a direct and proximate result of the negligence of Edward A. Torres, Steven Lowell Cook died on September 30, 2017.

9. As a direct and proximate result of the negligence of Edward A. Torres the plaintiff, Linda Cook, has suffered and is reasonably certain to continue to suffer all of the following damages:

   a. Loss of support from her husband's reasonably expected earning capacity;

   b. Loss of her husband's services;

   c. Loss of her husband's society, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education;

   d. Loss of prospective inheritance;

   e. Significant grief, sorrow, common mental anguish and emotional distress; and

   f. Funeral and burial expenses.

10. As a direct and proximate result of the negligence of Edward A. Torres the plaintiff, Hubert Cook, has suffered and is reasonably certain to continue to suffer all of the following damages:

   a. Loss of his son's services;

   b. Loss of his son's society, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; and

   c. Significant grief, sorrow, common mental anguish and emotional distress.

11. As a direct and proximate result of the negligence of Edward A. Torres the plaintiff, Adam Cook, has suffered and is reasonably certain to continue to suffer all of the following damages:

   a. Loss of his father's services;

   b. Loss of his father's society, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education;

3

      c.     Loss of prospective inheritance; and

      d.     Significant grief, sorrow, common mental anguish and emotional distress.

12. As a direct and proximate result of the negligence of Edward A. Torres the plaintiff, Brianna Willis, has suffered and is reasonably certain to continue to suffer all of the following damages:

      a.     Loss of her father's services;

      b.     Loss of her father's society, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education;

      c.     Loss of prospective inheritance; and

      d.     Significant grief, sorrow, common mental anguish and emotional distress.

13. The defendant, Erie, issued to the plaintiff, Linda Cook, and her husband, Steven Lowell Cook, an automobile insurance policy, being Policy No. Q117106819, with a period of coverage including September 30, 2017. The policy is not attached to this complaint inasmuch as it is already in Erie's possession.

14. All premiums due and owing on Policy No. Q117106819 were paid in a timely fashion and the policy was in full force and effect on September 30, 2017.

15. Policy No. Q117106819 provided uninsured motorist bodily injury coverage in the amount of $100,000 per person and $300,000 per occurrence.

16. The plaintiffs, Linda Cook, Hubert Cook, Adam Cook and Brianna Willis, all qualify as first-party insureds pursuant to the terms of the Erie policy referenced in paragraph 13 above because all of them meet the definition of "anyone we protect" pursuant to the language of the Erie policy.

17. At the time of Mr. Cook's death on September 30, 2017 Edward A. Torres was an uninsured motorist operating an uninsured motor vehicle as those terms are defined by Ohio law and Policy No. Q117106819.

18. The plaintiffs, Linda Cook, Hubert Cook, Adam Cook and Brianna Willis, made timely claims for benefits under the uninsured motorist bodily injury coverage benefits.

19. Within a matter of days after receiving these claims the defendant, Erie, had in its possession sufficient information to recognize that that he plaintiffs, Linda Cook, Hubert Cook, Adam Cook and Brianna Willis, were entitled to recover the full amount of uninsured motorist bodily injury coverage limits under the policy.

20. By letter dated November 8, 2017, the plaintiffs, by counsel, demanded payment of the full $100,000 in uninsured motorist coverage benefits for the plaintiff, Linda Cook. The plaintiff indicated that the benefits had been due and owing "since Erie first received notice of this claim," and that Erie was engaging in delay "to benefit itself financially to the detriment of its insured."

21. By letter dated November 16, 2017, Erie acknowledged that it was in a position to offer the full policy limit of uninsured motorist coverage. However, it illegitimately demanded that the plaintiffs produce the following information before issuing payment of those benefits:

    a. Court-approved and filed probate documents;

    b. Emergency room records for date of the accident;

    c. Death certificate; and

    d. Signed and dated release.

5

22. The plaintiffs, Linda Cook, Hubert Cook, Adam Cook and Brianna Willis, have fully complied with the terms and provisions of Policy No. Q117106819.

23. The plaintiffs, Linda Cook, Hubert Cook, Adam Cook and Brianna Willis, are entitled to uninsured motorist bodily injury coverage benefits in the amount of $100,000 inasmuch as they are legally entitled to recover compensatory damages from an uninsured motorist in that amount.

24. The defendant, Erie, by and through its agents, representatives and employees, has refused to pay the uninsured motorist bodily injury coverage benefits that are due and owing to the plaintiffs, Linda Cook, Hubert Cook, Adam Cook and Brianna Willis, under Policy No. Q117106819.

25. As a result of the defendant, Erie's, refusal to pay benefits due and owing under Policy No. Q117106819, it has breached its contract of insurance with the plaintiffs, Linda Cook, Hubert Cook, Adam Cook and Brianna Willis.

26. The defendant, Erie, arbitrarily, capriciously and/or maliciously refused to pay policy benefits that were due and owing under circumstances that did not furnish a reasonable justification therefor.

27. Implied in the policy of insurance issued by the defendant, Erie, to the plaintiff, Linda Cook, was a covenant which required Erie to act fairly and in good faith with respect to its handling of the plaintiff's claims.

28. By imposing illegitimate conditions for payment of the uninsured motorist bodily injury coverage benefits, the defendant, Erie, has placed its interests above and ahead of the interests of its insureds. Such conduct is the quintessential example of bad faith.

29. Erie's claim handling conduct in connection with the plaintiffs' claims was intentional and was done with a conscious disregard for the rights of the plaintiffs, which conduct had a great probability of causing said plaintiffs substantial harm.

30. As a result of Erie's conduct, as referenced herein, the plaintiffs were forced to incur attorney fees, costs and expenses, and were forced to suffer substantial inconvenience, aggravation, embarrassment, humiliation, annoyance, anxiety and emotional anguish and mental distress.

31. As a result of Erie's conduct, as referenced herein, the plaintiffs are entitled to recover punitive damages in an amount sufficient to punish Erie for its wrongful conduct and to deter it, and other insurance companies, from engaging in similar conduct in the future.

WHEREFORE, the plaintiffs, Linda Cook, Hubert Cook, Adam Cook and Brianna Willis, demand judgment against the defendant, Erie Insurance, for compensatory damages in an amount in excess of $25,000, punitive damages in excess of $25,000, the costs incurred in pursuit of this action, and such other relief as this Court deems proper.

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES**

LINDA COOK, HUBERT COOK, ADAM COOK
and BRIANNA WILLIS, PLAINTIFFS,

By: _____
SCOTT S. BLASS  0062556
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV  26003
Telephone: (304) 242-8410
Email: SBlass@Bordaslaw.com
Counsel for Plaintiffs

7