# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| LINDA COOK, *et al.*, | : |
| | :     Case No. 2:17-CV-282 |
| Plaintiffs, | : |
| | :     JUDGE ALGENON L. MARBLEY |
| v. | : |
| | :     Magistrate Judge Deavers |
| ERIE INSURANCE COMPANY, | : |
| | : |
| Defendant. | : |

## **OPINION & ORDER**

This matter is before the Court on Plaintiffs' Motion to Dismiss Defendant's Counterclaim. (ECF No. 11). For the reasons that follow, this Court **GRANTS** Plaintiffs' Motion.

### I.     BACKGROUND

On September 30, 2017, Steven Cook was working in a construction zone on Interstate 70 in Franklin County, Ohio when he was struck by a drunk driver. Mr. Cook died of his injuries. (ECF No. 2 at 2; ECF No. 11 at 2). The Plaintiffs in this case are Mr. Cook's family who have made a claim for benefits under an insurance policy issued to him and his wife, Linda Cook. (ECF No. 2 at 3-4). The insurance policy was issued by Defendant Erie Insurance Company.

Plaintiffs requested payment from Defendant under the policy in a letter dated November 8, 2017. (ECF No. 16 at 9). Defendant responded by a letter dated November 16, 2017 indicating that it was "in a position" to offer the requested payment and would do so "immediately…upon receiving the following documentation." (ECF No. 16 at 10). Those four documents were "court approved and filed probate documents, emergency room records for the date of the accident, death certificate, [and] signed and dated release." (*Id.*).

The Plaintiffs filed this complaint in March 2018 in the Belmont County Court of Common Pleas whereupon Defendant subsequently removed the case to this Federal District Court. The Plaintiffs argue that the Cooks were current on their payments to Defendant under the policy and that the policy was in full force and effect on the date of the accident. (ECF No. 2 at 6). Plaintiffs allege Defendant has breached the terms of the contract by refusing to pay the benefits outlined. (ECF No. 2 at 8). The Plaintiffs allege Defendant has behaved "capriciously and/or maliciously" and has breached an implied "covenant which required Erie to act fairly and in good faith." (*Id.*). Plaintiffs request that the contract to be enforced, for fees and costs, and for punitive damages. (ECF No. 2 at 8, 9).

Defendant filed an answer and a counterclaim. (ECF No. 6). In the counterclaim, Defendant requests declarative judgment that they behaved reasonably when they requested documents from the Plaintiffs, that their actions have complied with the terms of the contract, that they are entitled to either reimbursement or a set-off as a result of an alleged over-payment, and that the Plaintiffs acted unreasonably in failing to cooperate with Defendant's investigation. (ECF No. 6 at 4). Each of these elements of the counterclaim appear in the complaint except for the allegation about the alleged prior over-payment.

## II. STANDARD OF REVIEW

The Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). The Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by

factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

The Declaratory Judgment Act, 28 U.S.C. 2201(a), permits a court to "declare the rights and other legal relations of any interested party seeking such declaration," *Id.* This statutory authorization "confers a discretion on the courts rather than an absolute right upon the litigant." *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952). Whether declaratory relief is proper in any case "will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." *Wycoff*, 344 U.S. at 243. Even when a case otherwise falls within a court's jurisdiction, district courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

The Sixth Circuit has adopted a five-factor test for district courts to decide whether to grant a prayer for declaratory relief:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R. Co. v. Consol. Rail Corp*., 746 F.2d 323, 326 (6th Cir. 1984).

Finally, where a party requests a declaratory judgment on a counterclaim, the court must consider a further set of factors. When a counterclaim "is identical to the affirmative defense, a district court is within sound discretion to dismiss the counterclaim." *Proctor & Gamble Co. v. CAO Grp., Inc.*, 2013 WL 5353281 at *5 (S.D. Ohio 2013). The question is whether the counterclaims "serve any useful purpose." *Id.* (citing *Pettrey v. Enter. Title Agency, Inc.*, 2006 WL 3342633) (N.D. Ohio 2006). *See Am. Energy Corp. v. Am. Energy Partners, LP,* 2015 WL 881519 at *3 (S.D. Ohio 2015). A district court should dismiss a counterclaim only when "it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim." *Proctor & Gamble,* at *5.

### III. ANALYSIS

This Court's analysis begins with the five *Grand Trunk* factors.

#### A. *Settlement of the Controversy*

The first factor to consider is whether the declaratory judgment would settle the controversy. The Sixth Circuit has two lines of cases when confronted by an insurance company requesting declaratory judgment to determine the scope of its liability. One line of cases "has concluded that a declaratory relief action can settle the insurance coverage controversy not being addressed in state court even though it will not help resolve the underlying state court action." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 555 (6th Cir. 2008). The other line of cases has concluded that "while such declaratory actions might clarify the legal relationship between the insurer and the insured, they do not settle the ultimate controversy between the parties which is ongoing in state court." *Id.* In the instant cases, there is no pending state action, so the concerns inhering in these lines of cases are not relevant.

The Plaintiffs argue that because the counterclaim merely repeats the substance of the Complaint, all of the issues can be settled at once by addressing the Complaint; the counterclaim adds no new questions for the Court's consideration. Indeed, Defendant's counterclaim does largely mirror the Complaint. With respect to the contract, Defendant seeks a declaration that their "communications and actions have complied" with the policy and that their "handling of Plaintiff's claim was reasonably justified and in good faith." (ECF No. 6 at 4). This is the analog to Plaintiff's allegations in the Complaint that Defendant acted in bad faith and acted unreasonably in the course of investigating Plaintiff's claim under the policy. This Court could dismiss these portions of Defendant's counterclaim for serving no "useful purpose" because "there is a complete identity of factual and legal issues" on these questions, which can be addressed on the merits via the Plaintiff's action. *Proctor & Gamble*, *supra*. Thus the first *Grand Trunk* factor points toward dismissing the counterclaim.

B.  *Clarification of the Legal Relations at Issue*

The second factor to consider is whether a declaratory judgment would clarify the legal relations at issue. This factor is closely tied to the first factor: [i]ndeed it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue." *Scottsdale*, 513 F.3d at 557. Once again, the Sixth Circuit caselaw is concerned with not interfering with any underlying state action. *Id.* (citing cases). Accordingly, the question for this court is whether the counterclaim is clarifying, or if it merely mirrors the questions presented in the Complaint. As above, this Court finds that, to the extent the counterclaim concerns the substance of the policy, it is repetitive of the Complaint. This second factor also points toward dismissing the counterclaim.

C. *Procedural Fencing*

This Court next considers whether the prayer for declaratory relief is being used as "procedural fencing" or "to provide an arena for a race for *res judicata*." This factor "is meant to preclude jurisdiction for declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum." *Scottsdale*, 513 F.3d at 558 (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004)) (internal quotation omitted). To the extent this factor is concerned with jurisdictional maneuvering, this is not relevant here, because Defendant merely removed this case to Federal court rather than forum-shopped to a court of its choosing. But the concerns about procedural fencing in a counterclaim are valid. Elements of Defendant's counterclaim could be pleaded as affirmative defenses, which would involve Defendant responding to the Complaint. Allowing Defendant to allege what are essentially affirmative defenses in its counterclaim – with a prayer for declaratory judgment – would be to allow a "race to *res judicata*." This third factor points toward dismissing the counterclaim.

D. *Increased Friction between Federal and State Courts*

In this case, there is no state court action with which to avoid conflicts. As a result, this fourth factor is not applicable.

E. *Availability of an Alternative Remedy*

There does exist an alternative remedy besides the granting declaratory relief requested in the counterclaim: allowing this case to proceed on the merits as outlined in the Complaint. Because the counterclaim so closely mirrors the Complaint, each of Defendant's allegations can be addressed in turn as affirmative defenses. Rather than granting declaratory relief on a filing

that does resemble a "race for *Res Judicata*," this Court can allow this case to proceed with the "natural plaintiffs" and their properly filed Complaint.

### III. CONCLUSION

After applying each of the relevant *Grand Trunk* factors to the counterclaim, this Court finds it would be inappropriate to grant the declaratory relief requested. To the extent that "there is a complete identity of factual and legal issues between the complaint and the counterclaim," the counterclaim is **dismissed**. Specifically:

1. The claims in paragraph 12, parts (a), (b), (c), and (d) of the counterclaim are **dismissed**, because these precisely mirror the contract questions presented in the complaint.
2. The claim in paragraph 12(e) is **not dismissed**, because the question of the over-payment or set-off is not mirrored in the complaint and therefore properly presents a new issue for this Court.

**IT IS SO ORDERED.**

                                                 **s/Algenon L. Marbley**
                                                 **ALGENON L. MARBLEY**
                                                 **UNITED STATES DISTRICT JUDGE**

**Dated: February 25, 2019**