IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LINDA COOK, HUBERT COOK,** | : | |
| **ADAM COOK, AND BRIANNA WILLIAMS,** | : | |
| | : | |
| **Plaintiffs,** | : | **Case No. 2:18-cv-00282** |
| | : | |
| **v.** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| | : | **Magistrate Judge Deavers** |
| **ERIE INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

## I.     INTRODUCTION

This matter is before the Court on Defendant's Motion, construed either as a Motion to Reconsider or a Motion to Certify Interlocutory Appeal. (ECF. No. 82). For the reasons set forth below, Plaintiff's Motion is **DENIED**. (*Id.*).

## II.     BACKGROUND

This Court set out the factual history of this case in its May 5, 2020 Order and incorporates those facts as if fully set forth herein. (ECF No. 76). There, this Court granted in part Defendant's summary judgment on Plaintiff's contract claim and on the breach of the duty of good faith claims premised on the following allegations: (1) Erie placing its interests above that of its insured by requesting documents pursuant to a cooperation clause; (2) Erie's failure to investigate the underlying claim; and (3) Erie's counterclaim filed against Plaintiffs for overpayment. (ECF No. 76). Further, this Court held in abeyance Defendant's motion for summary judgment as to the bad faith claim premised on Erie's allegedly superfluous requests for documents as a means of delaying payment because the only evidence that Plaintiffs had presented in support of that claim was Mr. Setcavage's expert report. (*Id.* at 18.). This Court determined that if admissible, Mr. Setcavage's

1

expert report was sufficient evidence to raise a genuine issue of material fact on that particular bad faith claim. In its reply, Defendant argued that this report was inadmissible since it was an ipse dixit opinion. Because Plaintiffs did not have an opportunity to address the admissibility of their expert's report, this Court ordered both parties fully to brief the issue. Both parties submitted supplemental briefing addressing the admissibility of Mr. Setcavage's expert report. (ECF No. 79, No. 80).

On August 11, 2020, this Court founds that Mr. Setcavage's expert testimony was admissible in part and denies in part Defendant's Motion for Summary Judgment as to Plaintiffs' breach of the implied duty of good faith and fair dealing. (ECF No. 81).

On September 17, 2020, Defendant Erie filed the instant Motion for Reconsideration or, in the Alternative, Motion to Certify Interlocutory Appeal. (ECF No. 82).

### III.    LAW & ANALYSIS

#### A. Motion to Reconsider

Under Federal Rule of Civil Procedure 59(e), a court will reconsider its own prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F.Supp.2d 895, 900 (S.D. Ohio 2003). Courts may also alter or amend a judgment when necessary "to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Reconsideration due to a finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, 2006 WL 3483964, at \*2 (S.D. Ohio 2006) (*citing Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)). Even for motions to reconsider interlocutory orders, courts

respect the importance of "grant[ing] some measure of finality . . . and [of] discourag[ing] the filing of endless motions for reconsideration" in applying the relevant criteria. *Id.* A motion under Rule 59(e) may not be brought to relitigate issues previously considered by a court or to present evidence that could have been raised earlier. *See J.P. v. Taft*, 2006 WL 689091, at *3 (S.D. Ohio 2006).

Here, Defendant Erie seeks reconsideration of this Court's finding that the bad-faith claim survived summary judgment. Specifically, Plaintiffs' bad-faith claim alleges that Erie delayed the resolution of Plaintiffs' uninsured motorist ("UM") claim by requesting documents that furthered no legitimate interest of Erie's. (ECF No. 82). Erie posits that, as a matter of law, no "delay" in resolving the UM claim could have occurred. Before a UM payment can be delayed, Defendant argues, the insured must have the legal authority to resolve the claim, and the insurer must have a legal duty to pay.  Thus, Defendant seeks reconsideration because Plaintiffs had no legal right to accept payment, and Erie had no legal obligation to pay, until after the probate court approved the settlement on May 15, 2019, nearly one year after Erie tendered its policy limits.

While Defendant does not explicitly provide the legal standard on which it moves the Court to reconsider, the strongest basis is a clear error of law because no newly discovered evidence is presented and there is no assertion of an intervening change in controlling law. (ECF No. 82). This Court finds that it did not err in its analysis on Defendant's previous Motion for Summary Judgment.

First, this Court already ruled on whether a reasonable jury could find that Erie's delayed requests for documents were motivated by bad faith. (ECF No. 81 at 12–13). Erie contends that the UM payment cannot be considered delayed because its legal obligation did not arise until the workers' compensation lienholder—Cook's employer—was given "prior notice and a reasonable

opportunity to assert its subrogation rights." (ECF No. 82). But this Court already evaluated whether the bad-faith allegations raised a genuine issue of material fact, and Erie supplies no additional basis justifying reconsideration.

Second, Erie states that payment was not delayed because it was waiting on whether other UM coverage existed, which, if so, would obviate Erie's duty to pay. (ECF No. 82 at 5). Again, this Court already determined that an insurer's unnecessary and delayed requests for documentation can support an allegation of bad faith.

Third and finally, Defendant states that a settlement could not have been reached without the probate court's approval. (ECF No. 82) (citing R.C. 2125.02(C)). The statutory requirement for a wrongful death suit requires that parties acquire a probate court's consent before a wrongful death action is settled. *Boyd v. Cleveland Clinic Found*, 314 F.R.D. 222, 223 (2016). But Plaintiffs have not pled that Defendant Erie engaged in any wrongful or neglectful act that proximately caused Mr. Cook's death. Rather, Plaintiffs' allege a contractual claim.

Defendant offers no change in law or new evidence that would alter this ruling. Manifest injustice also would not result from allowing the remaining question of bad faith to go to the jury.

## B.  Motion to Certify Interlocutory Appeal

Generally, interlocutory appeals are disfavored; therefore, it is a legal instrument reserved for "exceptional circumstances." *Sinclair v. Schriber*, 834 F.2d 103, 105 (6th Cir. 1987). Section 1292(b) provides a three-part test for such appeals: (1) a controlling issue of law; (2) substantial grounds for difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of litigation. *Alexander v. Provident Life and Acc. Ins. Co.*, 663 F.Supp.2d 627, 639 (2009).

Review under this provision is to be granted "only in exceptional cases." *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis)*, 293 F.3d 345, 350 (6th Cir. 2002). As the Sixth Circuit has observed, the legislative history of § 1292(b) makes it "quite apparent" that the statute should be "sparingly applied" and is "not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974).

Here, Defendant contends that: (1) the point at which its duty to pay arose is a controlling question of law; (2) the answer to that question is well established and, if this Court disagrees, then a substantial difference of opinion would exist; and (3) an answer to that question would materially advance the termination of this litigation.

That the question is not a controlling question is fatal to Erie's effort to file an interlocutory appeal. A question is only a controlling question of law where it is a "pure" question of law—in other words, it should not require a close review of the record to decide it. *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 919 (S.D. Ohio 2013) (denying leave to take interlocutory appeal because "any review of the Court's analysis in these areas would be highly fact intensive and would likely require consideration of how the Court weighed other factors within its overall balancing analysis").

In this case, the duty to pay is disputed and is a quintessential fact question appropriate for a jury's resolution. The first element is not satisfied, which means that Erie's claim does not rise to the level of exceptional circumstances to which interlocutory appeals are limited.

## IV.    CONCLUSION

For the reasons above, Plaintiff's motion, whether construed as a Motion to Reconsider or a Motion to Certify Interlocutory Appeal, is **DENIED**. (ECF No. 82).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  March 19, 2021**