# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LINDA COOK, HUBERT COOK, ADAM COOK AND BRIANNA WILLIS, | : <br> : <br> : Case No. 2:18-cv-00282 |
| Plaintiffs, | : <br> : **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. | : <br> : Magistrate Judge Elizabeth P. Deavers |
| ERIE INSURANCE COMPANY | : |
| Defendant. | : |

## I. INTRODUCTION

This matter comes before the Court on multiple pre-trial motions. Defendant Erie Insurance Company submitted a Motion to Bifurcate. (ECF No. 89). Both sides also filed motions in limine. (ECF Nos. 90, 94). This Court held a final pre-trial conference with the parties on May 14, 2021. As set forth orally on the record and for the reasons below, this Court holds as follows: (1) Defendant's Motion to Bifurcate is **GRANTED**, (ECF No. 89); (2) Defendant's First, Second, Fifth, Sixth, and Eighth Motions in Limine are **DENIED**; and Defendant's Third, Fourth, and Seventh Motions in Limine are **GRANTED IN PART AND DENIED IN PART**, (ECF No. 90); and (3) Plaintiff's First Motion in Limine is **HELD IN ABEYANCE**, and Plaintiff's Second and Third Motions in Limine are **DENIED**. (ECF No. 94).

## II. BACKGROUND

This Court set out the factual history of this case in its May 5, 2020 Order and incorporates those facts as if fully set forth herein. (ECF No. 76). In that Order, this Court granted in part Defendant's Motion for Summary Judgment on Plaintiff's contract and breach of the duty of good faith claims. Plaintiffs' claims alleged that Erie: (1) placed its interests above that of its insured by requesting documents pursuant to a cooperation clause; (2) failed to investigate the underlying

1

claim; and (3) filed a counterclaim against Plaintiffs for overpayment in a display of bad faith. (ECF No. 76). Further, this Court held in abeyance Defendant's Motion for Summary Judgment as to the bad faith claim premised on Erie's allegedly superfluous requests for documents as a means of delaying payment because the only evidence that Plaintiffs had presented in support of that claim was Mr. Setcavage's expert report. (*Id.* at 18.). This Court determined that if admissible, Mr. Setcavage's expert report was sufficient evidence to raise a genuine issue of material fact on that particular bad faith claim. In its reply, Defendant argued that this report was inadmissible since it was an ipse dixit opinion. Because Plaintiffs did not have an opportunity to address the admissibility of their expert's report, this Court ordered both parties to brief the issue. The parties submitted supplemental briefing addressing the admissibility of Mr. Setcavage's expert report. (ECF No. 79, No. 80). On August 11, 2020, this Court found that Mr. Setcavage's expert testimony was admissible in part and denied in part Defendant's Motion for Summary Judgment as to Plaintiffs' breach of the implied duty of good faith and fair dealing. (ECF No. 81). On September 17, 2020, Defendant Erie filed a Motion for Reconsideration or, in the Alternative, Motion to Certify Interlocutory Appeal, which this Court denied on March 19, 2021. (ECF Nos. 82, 103).

Now, Defendant Erie moves to bifurcate, and Defendant and Plaintiffs filed motions in limine. (ECF Nos. 90, 94). This Court reviews these pre-trial motions below.

### III. STANDARD OF REVIEW

As a general rule, "a court should exclude evidence on a motion in limine only when that evidence is determined to be clearly inadmissible on all potential grounds." *Delay v. Rosenthal Collins Grp., LLC*, No. 2:07-CV-568, 2012 WL 5878873, at *2 (S.D. Ohio Nov. 21, 2012). Thus, when the "court is unable to determine whether . . . certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and

potential prejudice can be resolved in the proper context." *Id.* Orders on motions in limine that exclude broad categories of evidence should rarely be employed; the better practice is to deal with questions of admissibility of evidence as they arise. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Whether to grant a motion in limine falls within the sound discretion of the trial court. *Delay*, 2012 WL 5878873, at *2.

## IV. LAW & ANALYSIS

### A. Motion to Bifurcate Trial

Defendant Erie seeks to bifurcate the trial on the issue of punitive and compensatory damages to a second stage of trial, if necessary, and preclude the introduction of evidence that relates solely to the issues of punitive and compensatory damages during the liability stage of trial. This Court has held that bifurcation is mandatory under the Ohio statute: "Because this is a tort action under Ohio law involving a request for compensatory and punitive damages, it is mandated this trial be bifurcated upon [the defendant's] motion." *Geiger v. Pfizer, Inc.*, Case No. 2:06-cv-636, 2009 WL 1026479, at *1 (S.D. Ohio Apr. 15 2009) (Marbley, J.). Accordingly, Defendant's Motion to Bifurcate is **GRANTED**. References to punitive damages will be allowed to be a part of voir dire. Thus, the trial will proceed as follows: The first phase will concern the determination on the issue of liability on the remaining bad faith claim. Depending on the jury's findings, the jury will also determine the amount of compensatory damages. The second phase of trial, if it is needed, will involve the jury rendering a determination on punitive damages.

### B. Defendant's Motions in Limine

Defendant Erie submits eight Motions in Limine, styled as follows: (1) inadmissibility of unfair trade practices regulations; (2) inadmissibility of false statements of law by Plaintiffs' attorney and expert; (3) legal conclusions by Stuart Setcavage; (4) post-litigation allegations of

bad faith; (5) Plaintiffs' counsel's opinions regarding attorney standard of care/conduct; (6) no evidence regarding Plaintiffs' counsel's prior claims and cases against Erie; (7) prohibiting claims or evidence that Erie failed to investigate; and (8) prohibiting testimony or other evidence regarding Erie's financial records or income unless or until a second phase of trial on punitive damages. This Court reviews these motions below.

*1. Defendant's First Motion in Limine Regarding Unfair Trade Practices Regulations*

Defendant seeks to exclude Plaintiff's expert, Stuart Setcavage, from characterizing Ohio's unfair trade practices regulations as the standard for claims handling in Ohio. Erie contends that courts have conclusively held that Ohio insurance regulations, including OAC §3901-1-07, are inadmissible as standards in a bad-faith case. Plaintiffs respond by noting that Mr. Setcavage's opinions do not address these administrative regulations for the sole purpose of establishing a standard of care. Rather, Mr. Setcavage also incorporates these administrative regulations into his testimony to demonstrate how insurance company representatives are taught to handle claims.

This Court **DENIES** Defendant's First Motion in Limine. It is true that the fact finder may not consider Ohio's administrative regulations governing unfair insurance practices to establish the appropriate standard of care for the insurance carrier. Nevertheless, pursuant to Rule 702 of the Federal Rules of Evidence, expert testimony on insurance should be permitted where it discusses how claims are processed and investigated. As such, Mr. Setcavage will be permitted to testify regarding Ohio insurance regulations as is related to the training of insurance adjusters and claims handlers.

*2. Defendant's Second Motion in Limine: Inadmissibility of False Statements of Law by Plaintiffs' Attorney and Expert*

Defendant asks this Court to issue an order in limine that prohibits Plaintiffs' attorney and expert from making false statements of law at trial. Defendant alleges that Plaintiffs' attorney has made false statements about Ohio law, such as whether: (1) Plaintiffs' uninsured motorist claim was governed by Ohio's wrongful-death statute (it was, Defendant argues); (2) the settlement of the claim required probate-court consent (it did, Defendant claims); and (3) a settlement could be final without the injured claimant first notifying the workers' compensation lienholder and affording the lienholder an opportunity to protect its rights (it cannot, Defendant states). Defendant thus seeks to exclude these statements and similar ones repeated by Plaintiffs' insurance expert, Mr. Setcavage, at his deposition.

Plaintiffs respond that it is merely Erie's opinion that Plaintiffs' counsel has made false statements of law with respect to the necessity of probate approval and the issue of the workers' compensation lien. Plaintiffs have *not* pled that Defendant engaged in any wrongful or neglectful act that proximately caused Mr. Cook's death. Rather, Plaintiffs' allegations arise out of Erie's conduct in handling the uninsured motorist claim. As such, probate court approval is not required, and it is not—as a legal matter—"false" for Plaintiffs' counsel to say so, Plaintiffs contend.

As explained in this Court's previous opinions, the two core elements to bring an action for wrongful death in Ohio are governed by O.R.C. 2125.01 and require: (1) a wrongful act, neglect, or default that; (2) entitled the decedent to maintain a civil action and recover damages had death not ensued. O.R.C. § 2125.02(C) confers on the probate court jurisdiction to approve a settlement offer with respect to a wrongful death claim.

Furthermore, the rights and duties under an insurance contract concerning an uninsured motorist are contractual rights, even though the underlying event sounds in tort. *Landis v. Grange Mutual Ins. Co.,* 82 Ohio St.3d 339, 695 N.E.2d 1140 (1998). Because the legal basis for recovery on an uninsured motorist claim is contract law, such a claim is subject to an award of prejudgment interest. *Snow v. Pollick*, Lucas App. No. L–02–1104, 2003-Ohio-490, 2003 WL 220457, ¶ 15 (noting that "claims arising out of an uninsured/underinsured policy of motorist insurance are contractual claims, and as such, [O.]R.C. 1343.03(A) is the applicable provision under which to award prejudgment interest."). In other words, the requirement that the probate court approves the settlement does not alter Erie's duty to pay the claim, but it only affects the after-the-fact enforceability of a final settlement. Accordingly, Erie's interest in probate approval relates solely to ensuring that its payment and settlement of the uninsured motorist claim is final and enforceable. Thus, Erie's motion to prohibit false statements of law is premised upon the parties' disagreement over the relevant legal principles—a dispute that this Court has addressed repeatedly in its Order on the Motion for Summary Judgment and the Motion for Reconsideration. Erie's Second Motion in Limine is **DENIED**.

### 3. *Defendant's Third Motion in Limine: Expert Legal Conclusions*

Third, Defendant asks that Plaintiffs' expert, Mr. Setcavage, be prohibited from making any legal opinions as part of his testimony. While expert testimony is permitted to embrace an "ultimate issue," an expert is not permitted to testify regarding "legal conclusions" since the testimony "may convey unexpressed, and perhaps erroneous, legal standards to the jury" *Martin v. Life Care Centers of Am., Inc.*, No. 1:08-CV-251, 2014 WL 4816006, at *3 (E.D. Tenn. Sept. 29, 2014) (internal quotation marks omitted) (citing *Shahid v. City of Detroit*, 889 F.2d 1543, 1547 (6th Cir. 1989) and *Torres v. Cnty. of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985)). Accordingly,

Defendant's Third Motion in Limine is **GRANTED IN PART and DENIED IN PART**. It is **GRANTED** insofar as Mr. Setcavage is not permitted to testify regarding legal conclusions. It is **DENIED** to the extent that Mr. Setcavage's testimony is premised upon his experience as an insurance adjuster.

   *4. Defendant's Fourth Motion in Limine: Post-Litigation Allegations of Bad Faith*

Fourth, Erie seeks an order excluding Plaintiffs or their witnesses from claiming that Defendant's litigation tactics, strategy, and pleadings serve as the basis of a bad-faith claim. Plaintiffs respond that the counterclaim is a factual and procedural element of this litigation, and Plaintiffs should be permitted to introduce evidence of the same where it is relevant to providing the jury with a full and complete understanding of the facts, circumstances, and history of this case. Defendant's Fourth Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** insofar as Plaintiffs will be prohibited from presenting evidence on whether the filing of the counterclaim constitutes bad faith, which is consistent with this Court's previous rulings. (ECF No. 76 ("Here, the existence of an ambiguity supports Erie's claim that it had a reasonable belief in the validity of its counterclaim) (citing *Valley Force Ins. Co. v. Fisher Klosterman, Inc.*, 1:14-CV-792, 2016 WL 1642961, at *10 (S.D. Ohio Apr. 26, 2016)). The Motion is **DENIED** insofar as Plaintiffs is entitled to present evidence that various litigation strategies point to bad faith.

   *5. Defendant's Fifth Motion in Limine: Plaintiff's Counsel's Opinions Regarding Attorney Standard of Care and Conduct*

Fifth, Defendant seeks to exclude Plaintiffs' counsel's opinions regarding the attorney standard of care and conduct. Plaintiffs oppose, arguing that Erie has not identified any specific evidence that it seeks to exclude and instead seeks a sweeping exclusion that Plaintiffs' counsel

may not testify about anything that "could" constitute evidence as to an attorney's standard of care in handling uninsured motorist claims with the insurance company.

On the one hand, Plaintiffs' counsel's *opinion* is not critical to determining whether Defendant delayed payment of the uninsured motorist claim. On the other hand, Defendant's motion is too broad to grant the requested relief. This Court will **DENY** Erie's Fifth Motion in Limine. Defendant has not pointed to what testimony it seeks to exclude, and this Court will not broadly prohibit counsel from commenting on an attorney's standard of care. As presented, this is a question of the weight a jury should give to the evidence rather than its admissibility.

 6. *Defendant's Sixth Motion in Limine: Evidence Regarding Plaintiffs' Counsel's Prior Claims and Cases Against Erie*

Sixth, Erie moves for an order in limine to prohibit references to past dealings between Plaintiffs' counsel and Erie or other insurers as irrelevant. Even if past dealings were relevant, Defendant argues that their probative value is substantially outweighed by the risk of unfair prejudice. Plaintiffs respond that insurance claims handling is governed by standards of care that are applicable to all claims, and whether Erie violates its responsibilities to its insureds is relevant evidence of its bad faith conduct. Given the centrality of bad faith in this matter, this Court finds allegations that Erie has a history of bad-faith conduct relevant to these allegations. Erie's Sixth Motion in Limine is **DENIED**.

 7. *Defendant's Seventh Motion in Limine: Prohibiting Claims or Evidence that Erie Failed to Investigate*

Defendant's Seventh Motion in Limine seeks to prohibit Plaintiffs from suggesting at trial that Erie acted in bad faith by failing to investigate the Plaintiffs' claim properly. Plaintiffs retort that Erie's efforts to investigate the uninsured motorist claim are interrelated to the issue to be

presented at trial. This case has been narrowed to one specific allegation of bad faith. Other allegations already disposed of by the court—like failure to investigate—should not be relitigated at trial. Accordingly, Erie's Seventh Motion in Limine is **GRANTED IN PART and DENIED IN PART**. It is **GRANTED** insofar as Plaintiffs cannot re-allege that Erie's investigation into the Plaintiffs' uninsured motorist claim constituted bad faith; it is **DENIED** insofar Plaintiffs seek to present evidence on Erie's efforts to investigate the uninsured motorist claim more generally.

        *8. Defendant's Eighth Motion in Limine: Prohibiting Testimony or Other Evidence*

In its Eighth Motion in Limine, Defendant asks this Court to exclude Plaintiffs from introducing evidence regarding Erie's financial condition or alleged motivations to delay payment. Erie contends such evidence would inflame the jury and ultimately may result in a decision rendered on an improper basis. Plaintiffs state that Erie's financial records serve as evidence of the high volume of claims which Erie handles at any given time and the significant financial impact that delay in payment of claims can have for Erie. Plaintiffs do not contend that the jury needs to hear evidence of Erie's net worth or review detailed financial statements in order to understand Mr. Setcavage's opinions or the reasons that Erie engages in delay when adjusting claims, but it would be prejudicial and inappropriate to exclude all evidence of Erie's financial records from trial. This Court **DENIES** Erie's Eighth Motion in Limine. Plaintiffs do not intend to present to the jury the Defendant's detailed financial statements. In addition, Defendant's general financial records are relevant to whether Erie's delays in paying Plaintiffs' claims were justified. Objections concerning the relevance or prejudicial effect of the same will be heard and ruled on at trial.

### C. Plaintiff's Motions in Limine

#### 1. Plaintiffs' First Motion in Limine: "Get Rich Quick"

Plaintiffs move this Court for entry of an Order prohibiting the admission of, or any reference to, any suggestion that insurance claimants who pursue a right of recovery against an insurance company are playing a "lottery" or "game of chance," or seeking a "bonanza," a "way to get rich quick," or any similar metaphor.

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Accordingly, Plaintiffs argue that any statement that Plaintiffs would be pursuing recovery as a way to "get rich quick" would not only be irrelevant but also would be unfairly prejudicial to the Plaintiffs in the presentation of his case.

Defendant Erie agrees that it is generally improper for trial counsel to make general, categorical statements that are unsupported by evidence or testimony in a case (e.g., that all plaintiffs who pursue a right of recovery against an insurance company are trying to "get rich quick"). Whether the Plaintiffs in this case have an underlying financial motive and/or are seeking to "get rich quick," Defendant argues, will depend on evidence solicited at trial.

The live testimony Defendant presents will demonstrate the basis of any pecuniary motive on the part of the Plaintiffs. This Court will not rule on the motion at this time, and this Court holds Plaintiffs' First Motion in Limine **IN ABEYANCE**.

#### 2. Plaintiff's Second and Third Motions in Limine: References to Insurance Crisis and Tort Reform

Plaintiffs move to prevent Defendant from introducing evidence at trial of an insurance "crisis," lawsuit "abuse," or otherwise describing the insurance climate in Ohio, as well as any

allegation that a verdict in this case will affect premiums in Ohio or any other place. Plaintiffs also seek to exclude references to tort reform or the need for tort reform. Defendant retorts that Plaintiffs provide absolutely no evidence, testimony, explanation or other information specific to this case which provides context on how or why these topics or phrases may come up at trial. Plaintiffs' Second and Third Motions in Limine are **DENIED**. "[T]hose words can be used, to the extent they appropriately describe a relevant matter." *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 4052413, at *8 (S.D. Ill. Aug. 21, 2018).

## V. CONCLUSION

For the reasons set forth above, this Court finds holds: (1) Defendant's Motion to Bifurcate is **GRANTED**, (ECF No. 89); (2) Defendant's First, Second, Fifth, Sixth, and Eighth Motions in Limine are **DENIED**; and Defendant's Third, Fourth, and Seventh Motions in Limine are **GRANTED IN PART AND DENIED IN PART**, (ECF No. 90); and (3) Plaintiff's First Motion in Limine is **HELD IN ABEYANCE**, and Plaintiff's Second and Third Motions in Limine are **DENIED**. (ECF No. 94).

**IT IS SO ORDERED.**

                                         <u>s/ Algenon L. Marbley</u>
                                         **ALGENON L. MARBLEY**
                                         **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 20, 2021**